ORIGINAL

FILED
MAY 12 2006
U.S. COURT OF FEDERAL CLAIMS

ECF

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| EDWARD G. LYONS, JR. and MARILYN LYONS | § | |
| Plaintiffs, | § | CIVIL NO. 06-391 T |
| v. | § | |
| UNITED STATES OF AMERICA | § | |
| Defendant. | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

1. Plaintiffs Edward G. Lyons, Jr. and Marilyn A. Lyons ("Plaintiffs" or the "Lyonses") are citizens of the United States of America whose address is 157 Broadwater Ct., Waleska, GA, 30183.

2. The Defendant is the United States of America.

3. This is a suit arising under Sections 7422, 6401, 6402, 6230, 6404, and 6621(c) of the Internal Revenue Code[1] and the laws of the United States for the refund of income taxes collected from Plaintiffs.

4. Jurisdiction is conferred upon the Court by Title 28, Sections 1346(a)(1) and 1491(a) of the United States Code.

---

[1]References to Section, §, and the Internal Revenue Code are to Title 26 of the United States Code.

COUNT ONE
(Calendar Year 1986)

5. Edward G. Lyons and Marilyn A. Lyons filed a timely joint federal income tax return for calendar year 1986 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-0721 and XXX-XX-6217, respectively.

6. For 1986, Edward G. Lyons was a limited partner in Coachella Fruit Growers ("CFG"), a California limited partnership.

7. CFG timely filed its 1986 Form 1065, partnership tax return.

8. The IRS assessed tax liability for 1986 against the Lyonses based upon a settlement in which they agreed only to certain adjustments to partnership items related to CFG.

9. On October 27, 1997, the IRS assessed tax of $9,930.00 and interest and penalty interest of $21,764.67 against the Lyonses for 1986.

10. The assessment was paid in full by applying a credit of $760 from another tax year and a payment of $31,582.67 on November 14, 1997.

11. On November 12, 1999, the Lyonses filed with the IRS a claim for refund in the amount of $13,989.00 for interest and penalty interest for 1986.

12. As grounds for recovery, the Lyonses restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1986:

A. This refund claim, as it relates to tax and interest assessed relative to adjustments to partnership items and affected items related to the Coachella Fruit Growers partnership (referred to in this explanation as "the Partnership") for 1986 (referred to in this explanation as "the settlement year").

 R:\DOCS\TAXCONT.T\tmwc5116.ly1.wpd

B. The settlement upon which the assessment was based was solicited by the I RS and entered into utilizing a Form 870-P(AD). The Form 870-P(AD) provides that "no claim for refund or credit based on any change in the treatment of partnership items may be filed or prosecuted." [Emphasis added.] This claim does not seek a change in the treatment of the partnership items. This claim concedes that the partnership items should, in fact, be adjusted as agreed on the Form 870-P(AD) and it is, therefore, not necessary to show fraud, malfeasance or misrepresentation. The claim is not barred by the Form 870-P(AD) because the claim does not seek a change in the "treatment of partnership items."

B. The claim is timely. It is being filed within two years from the date of payment.

C. Plaintiffs are not liable for the penalty portion of the interest paid under §6621(c). To the extent the tax deficiencies upon which the §6621(c) interest was assessed arose from agreed adjustments to partnership items, based upon an agreement under §6224(c), the partnership item adjustments were based solely on amounts offered as adjustments by Plaintiffs and accepted by the IRS. No trial was conducted. To the extent the deficiency is based on an §6224(c) agreed settlement that was entered into, such agreement provided solely for certain specific adjustments to partnership items. The assessment that resulted from the agreed settlement reflected only a concession to the partnership item adjustments, which avoided the requirement of a trial on each of the elements set out in the relevant original FPAA. There was no agreement that the adjustments resulted from tax motivated transactions as defined in §6621(c) or the relevant regulations.

D. Additionally, or alternatively, it is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The controlling Tax Court case is *McCrary v.*

*Commissioner*, 92 T.C. 827 (1989). This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and where the basis of concession did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it! *See also Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004); *Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treas. Reg. §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

E. Alternatively, even if the doctrine under *Todd*, *McCrary*, and Treas. Reg. §301.6221-2T, A-5 does not preclude the application of §6221(c), no portion of the underlying tax liability was attributable to any event defined in §6221(c) or the regulations thereunder as a tax motivated transaction.

F. The recomputation of interest takes into account the doctrine in *Avon Products v. Commissioner*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

G. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to §6404 for the period beginning with the commencement of the IRS' criminal investigation of Mr. Behrens, Mr. Schreiber, and Mr. Wright and ending with the termination of the criminal investigation. The suspension of the civil proceedings during that time period constituted an unreasonable delay in the proceedings due to a managerial or ministerial act. The refund claim computations have used a suspension period from March 21, 1989 to April 1, 1993, based on the

dates the IRS invaded the general partner's office and served criminal subpoenas to the date the general partners were notified of the abandonment of the criminal investigation. The period of suspension should actually be longer based on when the referral to the criminal investigation division was first made to the date when all partnership records were returned to the general partners, and the IRS should recompute and pay the greater amount under this claim based on those dates. The interest accrued on the tax deficiencies during the erroneous and unreasonable conduct of a criminal investigation of the general partners, seizure, disorganization and loss of partnership records in the course of that investigation, delay or suspension of the civil examination and adjustment process, resulted in impairment of the ability to defend against the IRS eventually asserted adjustments to partnership items, all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the tax matters partners in writing with regard to the civil partnership level return examination.

13. Over six (6) months have elapsed since the Lyonses filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States.

14. The Lyonses are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

WHEREFORE, Plaintiffs Edward G. Lyons, Jr. and Marilyn A. Lyons pray for judgment against the Defendant the United States of America in the amount of $13,989.48, plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

Respectfully,

Thomas E. Redding
Texas State Bar No. 16661300
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)
ATTORNEY FOR PLAINTIFFS

Of Counsel for Plaintiffs:
Teresa J. Womack
Texas State Bar No. 00788707
Sallie W. Gladney
Texas State Bar No. 00787546
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)